IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ELIGAH DARNELL, JR., § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:05-CV-394-Y |
| § | |
| DEE ANDERSON, Sheriff, § | |
| Tarrant County, Texas, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U. S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Eligah Darnell, Jr., CID #0279245, is currently incarcerated in the Tarrant County jail in Fort Worth, Texas.

Respondent Dee Anderson is the Sheriff of Tarrant County, Texas.

**C.   PROCEDURAL HISTORY**

In March 1989, Darnell pled guilty to burglary of a habitation with intent to commit theft in the Criminal District Court Number 2 of Tarrant County, Texas. (Petition at 2.) Darnell sought post-conviction relief challenging his state conviction, including a previous federal petition for writ

of habeas corpus that was dismissed on limitations grounds.[1] (*Id.* at 3-4.) *See Darnell v. Johnson*, CM/ECF, Civil Docket for Case # 4:00-CV-1486-Y. This petition was filed on June 16, 2005, and service was issued upon Respondent. Upon further review, it appears summary dismissal of this action is appropriate.[2]

**D.    SUCCESSIVE PETITION**

28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

---

[1] Darnell has filed numerous petitions for habeas corpus relief under 28 U.S.C. § 2254 in this court challenging his various state convictions. See footnote 2 in the undersigned Magistrate Judge's findings in *Darnell v. Cockrell*, Civil Action No. 4:02-CV-564-A, for a more thorough recitation of those actions. In addition to the actions noted, Darnell has filed another § 2254 petition in *Darnell v. Dretke*, Civil Action No. 4:05-CV-452-Y, that remains pending at this time.

[2] Because summary dismissal of this action is appropriate, an analysis of whether Dee Anderson is the correct respondent is unnecessary. It is also unnecessary for Anderson to file an answer to the petition as directed in the undersigned's June 23, 2005 order.

2

From the face of the instant petition and court records of which this Court can take judicial notice, it is apparent that this is a successive petition filed without authorization from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). The fact that the earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Anders v. Dretke*, No. 03:02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) (not designated for publication); *Somerville v. Dretke*, No. 3:02-CV-0380-L, 2002 WL 31441226, at *2 (N.D. Tex. Oct. 29, 2002) (not designated for publication). This Court is, therefore, without jurisdiction to consider the petition. *Id.*; *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

## II. RECOMMENDATION

It is recommended that Darnell's petition be dismissed pursuant to 28 U.S.C. § 2244(b)(1).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 4, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 4, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 14, 2005.

/s/ Charles Bleil
───────────────────────────
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE